JOURNAL ENTRY AND OPINION
{¶ 1} Appellant was originally indicted by the Cuyahoga County Grand Jury in six different cases[1] for six separate criminal offenses. Appellant was indicted on three counts of aggravated robbery in violation of R.C. 2911.01; with a firearm specification in violation of R.C. 2941.145. One of the three charges of aggravated robbery was identical with the other two except that it included an additional charge of theft of a motor vehicle in violation of R.C. 2913.51. The fourth offense was also for aggravated robbery with no additional specifications or charges. Appellant was also charged with attempted murder in violation of R.C. 2903.02-2923.02; felonious assault in violation of R.C. 2903.11; and kidnaping in violation of R.C. 2905.02. The last offense charged appellant with receiving stolen property in violation of 2913.51.
{¶ 2} Appellant initially pleaded not guilty to all offenses in the indictment. A few months later, appellant was referred to the North Coast Behavioral Clinic for an in-patient competency evaluation. The psychiatric report resulting from that evaluation found appellant not competent to stand trial and he was ordered to a second psychiatric facility for re-evaluation. Approximately two and one half months later, appellant was held competent to stand trial. Thereafter, appellant entered guilty pleas to reduced charges of felonious assault,[2] three counts of aggravated robbery, one with a one-year specification,[3] and, receiving stolen property.[4]
{¶ 3} Appellant was sentenced to a total of sixteen years and six months with all sentences to be served consecutively except Case No. 398567, in which the two three-year sentences run concurrent with each other but consecutive to the other cases. The instant appeal arises from the court's imposition of consecutive sentences. Appellant's sole assignment of error states:
 {¶ 4} THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WHERE SUCH SENTENCE IS NOT SUPPORTED BY THE RECORD AND THE TRIAL COURT FAILED TO MAKE THE NECESSARY FINDING PURSUANT TO R.C. 2929.14(E)(4)(a)(b)(c).
{¶ 5} Appellant maintains that the trial court erred in imposing consecutive terms of imprisonment because it did not specify its reasons on the record or make any of the requisite findings under the statute. Ancillary to appellant's assigned error is his claim that the court did not take his history of mental health into account before the court imposed consecutive sentences.
{¶ 6} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and provides in pertinent part:
 {¶ 7} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added).
{¶ 11} R.C. 2929.19(B)(2) further provides that:
 {¶ 12} The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
{¶ 13} * * *
 {¶ 14} (c) If it imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences.
{¶ 15} Thus, under R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2), prior to sentencing an offender to consecutive sentences, the trial court must make at least three findings and also state the reasons that support each finding.
{¶ 16} In the case at bar, the trial court made the requisite statutory findings and provided the underlying reasons for those findings. Before imposing sentence upon appellant, the trial court specifically stated:
 {¶ 17} THE COURT: Okay. All right. I have empathy for your family, Mr. Gibson. They are tremendously nice people. And they were nice enough to come in. But I have an obligation to the community here at large here in Cuyahoga County. And I feel that the sentence that I have to give you, has to adequately punish you for the wrong you have done. As well as, it has to adequately protect the community. These are very, very, very charges [sic].
 {¶ 18} In Case Number 398567, you pled guilty to felonious assault on Ms. O'Rourke, as well as kidnapping on Ms. O'Rourke. The first one is a felony of the second degree. The next felony is a second degree. I sentence you to, three years on the felonious assault count. And I sentence you to three years on the kidnapping count.
 {¶ 19} In Case Number 397200, you pled guilty to aggravated robbery, a felony of the first degree. I sentence you to, three years on that case as well.
 {¶ 20} In Case Number 395155, you pled guilty to aggravated robbery, the two gun specifications were deleted. That is a felony of the first degree. I sentence you to, three years.
 {¶ 21} In Case Number 395125, you pled guilty to aggravated robbery. The firearm specifications were deleted from those indictments. I sentence you, to three years for the receiving stolen property.
 {¶ 22} In Case Number 392219, felony of the fourth degree. I sentence you to six months.
 {¶ 23} In Case Number 391092, you pled guilty to aggravated robbery, in violation of 2911.01. That's a felony of the first degree, with a one-year firearm specification. That's the car-jacking case. I sentence you to, one year for the gun, which must be served prior to, and consecutive to the sentence for the underlying offense. With the underlying offense, I sentence you to three years.
 {¶ 24} Sir, I think it's appropriate for you to serve these sentence [sic] consecutively, because there are separate victims in each and every case. These were separate people who were terrorized, and who experienced harmed [sic].
 {¶ 25} THE DEFENDANT: Your Honor, can I say something?
 {¶ 26} THE COURT: No, let me talk. They experienced considerable terror. Ms. Lee read through the statement of Ms. O'Rourke. And she has indicated in the PSI, that you said to her, you wanted a piece of her. And she was fearful, not only that you were going to kill her, but before you did that, that you were going to rape her.
 {¶ 27} THE DEFENDANT: Your Honor, can I say something?
 {¶ 28} THE COURT: Sir, please. I have given you ample opportunity to speak. It is now my turn to speak, sir.
 {¶ 29} I think it's appropriate considering the seriousness of the offenses, and considering the fact that there are multiple files. There are six crimes of violence here, and weapons were used in most cases. The weapons specifications were deleted. But the substantive offenses indicated that you had weapons on or about your person.
 {¶ 30} I feel that it is appropriate to give you consecutive sentences in these matters. I also want to point out, that you have a history of violence. Your juvenile report indicates in 1990 a vandalism, in `93 incorrigibility, `93 a menace, `94 vandalism, `94 assault, in `94 an assault, in `96 a theft, in `96 an assault. And in `96, yet another assault. You also had a hit-skip as an adult in Lyndhurst, Ohio.
 {¶ 31} I feel that these sentences are appropriate, given the facts, and given the seriousness of the crimes. Given your record, and given the terror that you inflicted on these victims. Sir, these will be served consecutively as I indicated. And upon your release sir, you may be subject to Post-Release Control.
 {¶ 32} MS. LEE: Thank you, your Honor. (Emphasis added.)
{¶ 33} These findings comply with the first part of the statute because the court found that consecutive terms were necessary in order to protect the public from future crime and to punish appellant. The court further gave reasons to support these findings. The court observed four convictions for assault, along with the use of weapons, and concluded defendant's record was a history of violence.
{¶ 34} The court also satisfied the second statutory requirement when the court found that consecutive terms were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. That there are five separate victims in itself demonstrates defendant's danger to the public. The court referred to the pre-sentence report, in which it was reported that the defendant told the victim that he "wanted a piece of her," a phrase understood by the victim, as reported in the PSI, to mean defendant wanted to rape her. The court also observed the victim was fearful he would rape and kill her. In addition, the court reported the other victims "terrorized" as well.
{¶ 35} The court's statements satisfy R.C. 2929.14(E)(4)(b) and (c)[5] because the harm caused by appellant's multiple offenses was so great that single terms would not adequately reflect the seriousness of his conduct.
{¶ 36} Finally, we reject appellant's claim that the court had to use appellant's history of mental instability as a mitigating factor prior to sentencing. Appellant argues that, instead of imposing the consecutive terms it did, the trial court should have considered treatment alternatives for him rather than a lengthy term of imprisonment.
{¶ 37} First, we note that appellant's reliance upon and interpretation of State v. Arnett (Feb. 5, 1999), Hamilton App. Nos. C-980172 and C-980173,[6] is misplaced. Appellant argues the Arnett court used defendant's history of sexual abuse and pedophile status as a mitigating factor in sentencing. That court, however, did no such thing. An accurate reading of the Arnett case shows that, even though the court noted the defendant's prior history might point to treatment alternatives, in the end, the court rejected those considerations because of the nature of the offenses he committed. Arnett does not support appellant's arguments in the case at bar. Moreover, appellant does not cite nor do we find any legal authority mandating a trial court impose a less severe sentence because of a defendant's past mental condition.
{¶ 38} In addition, by allowing extensive testimony from psychologist, Dr. George Schmedlen, the trial court did consider appellant's history of mental problems. The trial court in this case, however, as in Arnett, did not allow appellant's mental history to outweigh the seriousness of his conduct in the offenses for which he was convicted. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND ANNE L. KILBANE, J., CONCUR.
[1] Case nos. 391092, 398567, 395125, 395155, 397200, and 392219.
[2] Case no. 398567.
[3] Case nos. 391092, 395125, and 395155.
[4] Case no. 392219.
[5] The court was required to make findings under only one of the three sections, that is, (a), (b), or (c); the court's findings, however, cover two sections.
[6] Reversed by State v. Arnett (2000), 88 Ohio St.3d 208,724 N.E.2d 793.